## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE GETTLE...

MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| NATIONAL CASTINGS, INC., and | ) ) |
| MERIDIAN RAIL PRODUCTS CORP. | ) ) |
| Defendants. | ) ) ) |

03C 1088

CIVIL ACTION NO.     DOCKETED

FEB 14 2003

COMPLAINT

JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jose Galvez, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that National Castings, Inc., d/b/a Casting Reclamation, Inc., subjected Jose Galvez to harassment and different terms and conditions of employment because of his disability, epilepsy. In or about December 2001, Defendant Meridian Rail Products Corp. (formerly known as TCF Railco Rail Products Corp.) purchased the assets of National Castings, Inc. and is its successor.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1)

1

and (3).

2.      The employment practices alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to

bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, National Castings Inc. was continuously doing business in the

State of Illinois and the City of Cicero, and continuously had at least 15 employees.

5.      At all relevant times, National Castings Inc. had continuously been an employer

engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5),

and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, National Castings Inc. was a covered entity under Section

101(2) of the ADA, 42 U.S.C. § 12111(2).

7.  Since about December 2001, defendant Meridian Rail Products Corp. (formerly known

as TCF Railco) has continuously been doing business in the State of Illinois and the City of Cicero,

and continuously has had at least 15 employees.

8.      Since about   December 2001, defendant Meridian Rail Products Corp. has

continuously been an employer engaged in an industry affecting commerce under Section 101(5) of

the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which

incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

2

9. Since about December 2001, defendant Meridian Rail Products Corp. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Jose Galvez filed a charge with the EEOC alleging violations of Title 1 of the ADA by Casting Reclamation Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. From 1995 through 2001 National Castings Inc., doing business as Casting Reclamation Inc., engaged in unlawful employment practices at its facility in Cicero, Illinois, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112. These practices include:

a) engaging in intentional discrimination against Jose Galvez by subjecting him to harassment because of his disability, epilepsy; and

b) subjecting Jose Galvez to different terms and conditions of employment, including, but not limited to, discriminatory discipline and denial of training opportunities, because of his disability, epilepsy.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Jose Galvez of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Jose Galvez.

15. In or about December 2001, Defendant Meridian Rail Products Corp. (formerly known as TCF Railco Rail Products Corp.) purchased the assets of National Castings, Inc. Meridian

3

Rail Products Corp. has substantially continued the operation of the business that National Castings, Inc. had conducted at the Cicero, Illinois facility. Prior to the purchase of assets Meridian Rail Products Corp. had notice of the charge of discrimination referred to in paragraph 10. Meridian Rail Products Corp. is the successor of National Castings, Inc.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment and discrimination in the terms and conditions of employment and any other employment practice which discriminates on the basis of disability.

B.    Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of National Castings, Inc.

C.    Order Each Defendant to make whole Jose Galvez by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, in amounts to be determined at trial.

D.    Order Each Defendant to make whole Jose Galvez by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.    Order Defendant National Castings, Inc. to pay Jose Galvez punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in an amount to be determined at trial.

4

F.    Grant such further relief as the Court deems necessary and proper in the public

interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

NICHOLAS INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
1800 L Street, N.W.
Washington, DC 20507

John Hendrickson
Regional Attorney

Greg Gochanour (gw)
Greg Gochanour
Supervisory Trial Attorney

Gordon Waldron
Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison St., Suite 500
Chicago, Illinois 60661
(312) 353-7525

D:\Myfiles\Casting\complaint03.wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE GETTLEMAN

### Eastern Division

In the Matter of

U.S. Equal Employment Opportunity Commission,
        Plaintiff,

v.

National Castings Inc., and Meridian Rail Products Corp.
        Defendant.

MAGISTRATE JUDGE ASHMAN

Case Number:

03C 1088

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U.S. Equal Employment Opportunity Commission, Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE *Gordon Waldron* | SIGNATURE *Gregory Gochanour (sw)* |
| NAME<br>Gordon G. Waldron | NAME<br>Gregory M. Gochanour |
| FIRM<br>Equal Employment Opportunity Commission | FIRM<br>Equal Employment Opportunity Commission |
| STREET ADDRESS<br>500 W. Madison St., Suite 2800 | STREET ADDRESS<br>500 W. Madison St., Suite 2800 |
| CITY/STATE/ZIP<br>Chicago, Illinois 60661 | CITY/STATE/ZIP<br>Chicago, Illinois 60661 |
| TELEPHONE NUMBER<br>(312) 353-7525 | TELEPHONE NUMBER<br>(312) 886-9124 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>ARDC No 02920646 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>ARDC No 06210804 |
| MEMBER OF TRIAL BAR?  YES ✔  NO | MEMBER OF TRIAL BAR?  YES ✔  NO |
| TRIAL ATTORNEY?  YES ✔  NO | TRIAL ATTORNEY?  YES ✔  NO |
|  | DESIGNATED AS LOCAL COUNSEL?  YES  NO |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME<br>John C. Hendrickson | NAME |
| FIRM<br>Equal Employment Opportunity Commission | FIRM |
| STREET ADDRESS<br>500 W. Madison St., Suite 2800 | STREET ADDRESS |
| CITY/STATE/ZIP<br>Chicago, Illinois 60661 | CITY/STATE/ZIP |
| TELEPHONE NUMBER<br>(312) 353-8551 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>ARDC No 01187589 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ✔  NO | MEMBER OF TRIAL BAR?  YES  NO |
| TRIAL ATTORNEY?  YES ✔  NO | TRIAL ATTORNEY?  YES  NO |
| DESIGNATED AS LOCAL COUNSEL?  YES  NO | DESIGNATED AS LOCAL COUNSEL?  YES  NO |

DOCKETED

FEB 14 2003

1-3

JUDGE GETTLEMAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS MAGISTRATE JUDGE ASHMAN

# <u>Civil Cover Sheet</u> 03C 1088

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **Defendant(s):NATIONAL CASTINGS, INC., and MERIDIAN RAIL PRODUCTS CORP.** |
| County of Residence: | County of Residence: Cook |
| Plaintiff's Atty: Gordon Waldron<br>Equal Employment Opportunity<br>Commission<br>500 West Madison Street, Suite<br>2800 Chicago, Illinois 60661<br>(312) 353-7525 | Defendant's Atty: |

FILED-EDA1
03 FEB 13

II. <u>Basis of Jurisdiction</u>:        **1. U.S. Gov't Plaintiff**

III. <u>Citizenship of Principal</u>
<u>Parties</u> **(Diversity Cases Only)**
                    Plaintiff:- **N/A**
                    Defendant:- **N/A**

**DOCKETED**
FEB 1 4 2003

IV. <u>Origin</u> :            **1. Original Proceeding**

V. <u>Nature of Suit</u>:          **442 Employment**

VI.<u>Cause of Action</u>:        **Title I of Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct the unlawful employment practices on the basis of disability.**

VII. <u>Requested in Complaint</u>
            Class Action: **No**
        Dollar Demand:
        Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _Gordon Waldron_

1-2

**Date:**   February 13, 2003

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00